ST. PAUL, J.
This is an action to suppress an immoral house under the provisions of Act No. 47 of Í918. Plaintiff is a voluntary and unincorporated association, and the defendants have filed two exceptions to the petition: (1) That plaintiff is not such a le-: gal entity as can appeal in court otherwise than in the name of the persons composing it; and (2) that plaintiff did not obtain from the district judge a certificate that it was acting in good faith and not for any improper purpose, as required by the act.
I.
[1] In general an unincorporated association “cannot appear in a court of justice, but in the individual name of all the members who compose it.” ■ C. C. art. 446. Hence the question is whether this act gives to such associations the right to appear in a court of justice otherwise than as above. Now this statute (section 2) says simply:
“ * * * The district attorney in the name * * * of the parish * * * and any corporation or association formed for the suppression of vice, and any citizen of the parish, may maintain in a court of competent jurisdiction an action perpetually to enjoin and abate said nuisance. * * * ”
It therefore only creates a cause of action in favor of “any association formed for the suppression of vice”; but, on the other hand, nothing therein indicates that the right of action is to be exercised by unincorporated associations in a manner different from what it would be for any other cause of action belonging' to such associations.
II.
[2] The statute further provides (section 2) that — ■
“No action shall be brought under this act by any one other than the district attorney until the applicant has obtained from the district judge of any district court a certificate that in the opinion of the judge the applicant' is acting in good faith and not for any improper purpose.”
Now this action was brought April 12, 1921, and the only certificate produced and relied upon by plaintiff is in the words and figures following, to wit:
“State of Louisiana, Parish of Caddo.
“This is to certify, that the court has carefully examined the matter of the application by the Anti-Vice Committee of Shreveport, Louisiana, for an injunction prohibiting and restraining certain property owners of the city of Shreveport, from conducting or allowing to be conducted residence property owned by them in a way contrary to the Provisions of Act No. 47 of the General Assembly of the State of Louisiana, for 1918, and it has satisfied itself that the skid Anti-Vice Committee, applicant therein, is acting entirely in good faith in the above matter, and not for any improper motive.
“Thus done and signed officially this 19th day of February A. D. 1921. [Signed] E. P. Mills, Judge of the First Judicial District Court.”
We do not think this certificate sufficient in view of the highly penal character of the statute. The Legislature evidently meant to provide some safeguard against the abuse thereof by private individuals; and this *497 could not be if individuals and private associations could be given blanket certificates of good faitb and proper motives, by virtue of which they might thereafter act when and as they pleased. We think the 'statute contemplated that the district judge should make a particular examination of each individual case as presented to him, and issue his certificate to cover that special case and no other.
We think both exceptions well founded.
Decree.
The judgment appealed from is therefore reversed, and it is now ordered that the foregoing exceptions be sustained and, accordingly, that plaintiff’s suit be dismissed at its cost in both courts.
Rehearing refused by the WHOLE COURT.
PROVOSTY, O. J., and LAND, OVERTON, and BAKER, JJ., dissent as to right of association to sue.